**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis Johnnie B. REED, Defendant-Appellant.**

**No. 29879**

**Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 23, 1971.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.

* Rule 18, 5th Cir.; see Isbell Enterprises v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Swep S. Taylor, Jr., Jackson, Miss., court-appointed for defendant-appellant.

Robert E. Hauberg, U. S. Atty., S. D. Miss., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1,2]

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

2. The assignments of error of appellant Reed are as follows:
a. The Government failed to prove all of the elements of the offense of knowingly transporting a stolen motor vehicle in interstate commerce and particularly failed to prove the following:
   i. That the defendant knew at the time he drove the automobile in question it was a stolen vehicle.
   ii. When the vehicle was stolen, or how long it had been away from the true owner's auto lot.
b. The Court violated Fed.R.Crim.P. 30 in that part of its charge which stated to the jury that it believed that the defendant knew he was transporting the car in interstate commerce "exactly as the indictment charges".